UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**LUIS FERNANDO MIRELES-ROSAS**
Petitioner/Plaintiff

v.

**ROBERT M. COWAN, DIRECTOR, U.S.C.I.S.**
  LEE'S SUMMIT, MO,
**NORMA A LIMON, U.S.C.I.S.**
 Harlingen Field Office Director
**KEVIN MCALEENA, ACTING DIRECTOR**
  DEPARTMENT OF HOMELAND SECURITY,
**WILLIAM P. BARR**
  UNITED STATES ATTORNEY
  GENERAL, AND
**THE UNITED STATES OF AMERICA.**

### PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**LUIS FERNANDO MIRELES ROSAS**, through counsel, files the instant petition for writ of habeas corpus, and complaint for injunctive and declaratory relief.

## I. INTRODUCTION

Plaintiff herein challenges the re-interpretation of 8 C.F.R. §274a.12(c)(9), pursuant to which Defendants now consider that applications for adjustment of status which have been denied by INS,[1] but cannot be renewed before an Immigration Judge, because Defendants have not yet issued and filed a Notice to Appear before the EOIR, are not pending within the meaning of said regulation.

The re-interpretation of said regulation, pursuant to which Defendants recently refused to renew Plaintiff's Employment Authorization Document, ("EAD"), has caused substantial hardship to Plaintiffs and her U.S. citizen family.[2]

---

[1] The Immigration and Naturalization Service, and its successor, the Bureau of Citizenship and Immigration Services of the Department of Homeland Security, are both referenced as "INS."

[2] A similar action was filed several years ago as a class action, but Defendants granted relief to all the named Plaintiffs therein. *Rafaela Fuentes de Garza et al* v. *Alfonso De Leon et al,* CA M-04-238. However, as seen herein, the problem persists.

## II.  JURISDICTION AND VENUE

1. Plaintiff is Mexican national who has resided in Texas since approximately the year 2010

2. On August 29, 2016 he filed for adjustment of status through his U.S. citizen child, and on the basis of this application he was able to obtain EADs.

3. On January 9, 2018 LUIS FERNANDO MIRELES application for adjustment of Status was denied. He is now awaiting the filing of a Notice to Appear, so that his application can be renewed before an Immigration Judge.

4. On March 23, 2018 LUIS FERNANDO MIRELES attempted to renew his EAD based on the pendency of his adjustment of status application. His application for adjustment of status was denied on January 9, 2018. And now due to a re-interpretation of the pertinent regulation their employment authorization card has been denied. As a result of this, they are now unable to lawfully seek employment, or travel within the United States. This places significant restrictions on his liberty not shared by the populace at large, within the meaning of *Jones v. Cunningham,* 371 U.S. 236,240 (1963), and constitutes custody for purposes of 28 U.S.C. §2241. Plaintiff's (sealed) Exhibit A, incorporated herein.

5. All Defendants are federal agents or entities that conduct business within the jurisdiction of this Court.

6. Jurisdiction lies under 28 U.S.C. §§ 1331 (federal question), 1346(a)(2) (actions against officers of the United States, 2201 et seq, (the Declaratory Judgment Act), and 2241 (habeas corpus), with 5 U.S.C. §702 et seq, (the Administrative Procedure Act).

## III.  THE PARTIES

7. Plaintiff LUIS FERNANDO MIRELES ROSAS ("Mr. MIRELES") is a native and citizen of Mexico, and resident of Brownsville, Texas.

8. Defendant Robert M. Cowan is the District Director of the Lee's Summit Office of the Bureau of Citizenship and Immigration Services of DHS, an agency of the Defendant United States of America, which is responsible for adjudicating applications for EADs from residents the Rio Grande Valley. Defendant Norma A Limon, is the Harlingen CIS Field Office Director. Defendant Kevin MCAllena is the acting appointed Secretary of the Department of Homeland Security. Defendant William Barr, is the Attorney General of Defendant the United States. All Defendants are sued in their official capacities only.

### III.  THE FACTS

9. On August 29, 2016 through his U.S. child, LUIS FERANDO MIRELES-ROSAS filed a fee-paid application to adjust his status to that of a lawful permanent resident as the parent of a United States citizen. On January 9, 2018 the Harlingen District Office denied his application to adjust status **(See Exhibit 1)** because they erroneously concluded that there were n record that the applicant last entered the U.S. on or about September 2010 with his visa. According to the denial: "CBP is required by law to inspect every applicant for admission to determine if the person is admissible. The law presumes that administrative agencies carry out their statutory duties in accordance with the law". See, August 2, 2006 GAO report that stated that continues weakness in screening entrants into the United States  **(See Exhibit 2)**

10. On January 11, 2018 Mr. MIRELES filed an application to renew his EAD while his application of status was pending. Their request for an EAD was Based on 8 C.F.R. §274a. 12 (c) (9) , which allows for employment authorization during "any period when an administrative appeal or judicial review of an application [for adjustment of status] ... is pending," counsel assisted him in filing for an EAD asserting eligibility because he was awaiting an NTA to pursue his 1-485 with an Immigration Judge. **(See Exhibit 3)** On August 2, 2018 CIS denied his application for EAD filed on January 11, 2018 because according to CIS they were not eligible. The notice of denial specified that there was no administrative appeal from the denial. **(See Exhibit 4)**

11. Mr. MIRELES has no means of forcing Defendants to initiate removal proceedings before the Immigration Judge. Therefore, he cannot renew his adjustment application, or his EAD. As a result, he and his family are enduring great hardship.

12. At a hearing before the Immigration Judge, Mr. MIRELES feels confident that he would be able to establish that he last entered as a visitor on September of 2010 as alleged by the government and therefore according to DHS there is no evidence that he was inspected and admitted. Mr. MIRELES considers it highly likely that, once he is able to be heard by an Immigration Judge, his application for adjustment of status will be granted, and she will become a lawful permanent resident of the United States.

13. This same issue was litigated before in 2010 in Juan Antonio Rodriguez Ramos v Robert M. Cowan, Et. Al., 7:09-CV-256 and back then CIS agreed that the applicant was eligible for an EAD until such time as he is either finally ordered removed or granted lawful permanent resident status.  8 C.F.R. §274a.12(c)

**(See Exhibit 5)**

### IV. THE CAUSES OF ACTION A. HABEAS CORPUS

14. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-14 above.

15. Plaintiff contends that they are eligible for an EAD from when she properly filed her application for adjustment of status, until such time as they are either finally ordered removed, or granted lawful permanent resident status. 8 C.F.R. §274a.12(c) (emphasis added):

> (c) Aliens who must apply for employment authorization. An alien within a class of aliens described in this section must apply for work authorization. If authorized, such an alien may accept employment subject to any restrictions stated in the regulations or cited on the employment authorization document. **BCIS, in its discretion, may establish a specific validity period for an employment authorization document/ which may include any period when an administrative appeal or judicial review of an application or petition is pending.**

> (9) An alien who has filed an application for adjustment of status to lawful permanent resident pursuant to part 245 of this chapter. For purposes of section 245(c) (8) of the Act, an alien will not be deemed to be an "unauthorized alien" as defined in section 274A(h)(3) of the Act while his or her properly filed Form 1-485 application is pending final adjudication, if the alien has otherwise obtained permission from the Service pursuant to 8 CFR 274a. 12 to engage in employment, or if the alien had been granted employment authorization prior to the filing of the adjustment application and such authorization does not expire during the pendency of the adjustment application. Upon meeting these conditions, the adjustment applicant need not file an application for employment authorization to continue employment during the period described in the preceding sentence;

17. The clear intent of the above regulation is to permit adjustment applicants to be employed while their applications are pending, including through periods of administrative and judicial review. Since there is no "administrative appeal" from the denial of an application for adjustment of status, and Plaintiff has no control over the filing of an NTA, to enable them to pursue their application before an IJ, they urges that Defendants erred in "reinterpreting" said provision to

exclude the period of time between the denial of his properly filed application by INS, and when that application can be renewed before an Immigration Judge.

> See, 8 C.F.R. §245.2(a)(5)(ii)- the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall — (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be — (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ...

16. Defendants' new interpretation is particularly onerous, given the lengthy period of time involved to review. It has now been pending for almost three years. Their applications were denied in 2018, and they have not yet been placed in proceedings with an IJ, to enable them to pursue them in that forum.

17. The denial of their application places significant restrictions on their liberty not shared by the populace at large, and, under the APA, is cognizable in habeas corpus. See, 5 U.S.C. §703:

> Form and venue of proceeding. The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

> See *also,* 5 U.S.C. §706: Scope of review. To the extent necessary to decision and when presented,

19. The denial of their application to renew his EAD is a final agency action under the APA. Said application was denied purely on a question of law, rather than on discretionary grounds. Thus, review is not barred by 8 U.S.C. §1252 (a) (2) (B) . See, *e.g., Mireles-Valdez v. Ashcroft,* 349 F.3d 213, 216 (5th Cir. 2003) (emphasis in original) ("In the light of the consistent interpretation given § 1252(a) (2) (B) , we hold: its ban on review of "judgment[s] regarding the granting of relief" precludes review only of *discretionary* decisions").

### B. DECLARATORY AND INJUNCTIVE RELIEF

20. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1-19 above.

21. Plaintiffs further seeks a declaratory judgment, and corresponding injunctive relief. They urges this Court to declare that, under the plain meaning of 8 C.F.R. §274a.12(c) (9), they are eligible for an EAD from when they properly filed her application for adjustment of status, until such time as there is either finally ordered removed, or granted lawful permanent resident status.

22. In the alternative, Plaintiff urges the Court to declare that Defendants have not provided any explanation for the change in their interpretation of said provision, let alone one sufficient to be afforded *Chevron* deference.

23. Plaintiff therefore seeks an injunction, enjoining Defendants from refusing to reopen, *sua sponte,* and grant, Plaintiff's fee-paid application, filed January 11, 2018 to renew her EAD.

### V. CONCLUSION

Plaintiff seeks a Writ of Habeas Corpus, as well as Declaratory and Injunctive relief. They seeks a declaration that applications for adjustment of status are deemed to be continuously pending for purposes of eligibility for employment authorization from the time said applications are properly filed, until they are fully and finally adjudicated. They also seeks corresponding injunctive relief, enjoining and restraining Defendants from refusing to renew his EAD between the denial of an application for adjustment by INS, and the final determination of said application in removal proceedings, including any judicial review thereof. Plaintiff also seeks attorney's fees, and such other and further relief as the Court may deem appropriate.

Respectfully Submitted,

s/ Jaime Diez, Attorney
Jones and Crane
PO BOX 3070
Brownsville, TX 78523
Texas Bar 00783966
Fed ID. 23118
 (956) 544-3565
 (956) 550-0006 (fax)